# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES MICHAEL ALVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-17-1310-R |
| | ) |
| LELAND W. SCHILLING, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Judge Leland Schilling filed a Motion to Dismiss (Doc. No. 4) to which Plaintiff has filed a response (Doc. No. 5) and Defendant Schilling a Reply (Doc. No. 6). For the reasons set forth herein, Defendant Schilling's Motion to Dismiss is GRANTED.

Plaintiff filed this action alleging that Defendant Schilling violated his constitutional rights with regard to certain rulings issued in a case pending in the District Court of McClain County. Defendant Schilling is a judge in that court, presiding over the divorce action between Plaintiff and his former spouse. In that capacity, Defendant Schilling presided over a hearing on a Motion for Emergency Order filed by Plaintiff's ex-wife conducted on April 14 and 22, 2016. Judge Schilling concluded he did not believe there was an emergency at the April 14, 2016 session; however, the hearing was continued to April 22, 2016, at the request of Plaintiff's ex-wife. His ex-wife filed a Motion for Testimony of Child Witness by Alternative Means, which Judge Schilling granted over Mr. Alvis's objection. The testimony of Plaintiff's child was heard by Judge Schilling, in chambers and *in camera*, and Plaintiff's counsel was not permitted to be present or to cross-

examine Plaintiff's minor child. After the child's testimony, Defendant ruled that an emergency existed, without explanation. Plaintiff thereafter sought to unseal the transcript of his child's *in camera* testimony and the portion of the hearing that occurred in open court after his child's testimony.

On May 16, 2016, Defendant received a "thank you" card from the minor child. He made the card part of the record and provided copies to Plaintiff's counsel in the divorce action was well as to the guardian ad litem. Invoking Rule 15 of the Rules for District Courts of Oklahoma, on June 8, 2016, Plaintiff made an *in camera* request that Defendant recuse himself. Judge Schilling denied the request, prompting Plaintiff to file a written motion for recusal on June 23, 2016. On August 2, 2016, Defendant made the *sua sponte* decision to seal the transcript of both days of the hearing on the Motion for Emergency Order pending the outcome of Mr. Alvis's motion to disqualify. Defendant Schilling denied the Motion to Disqualify on August 4, 2016, following a hearing. Judge Balkman, a judge for the District Court of Cleveland County, denied Plaintiff's Motion for Rehearing on the issue. In accordance with Rule 15, Plaintiff then requested that the Supreme Court of Oklahoma assume original jurisdiction. On October 31, 2016, the Supreme Court ordered that Defendant vacate all orders sealing the transcripts from the parties and vacate all orders made after June 8, 2016, and recuse from the action, which he did. Plaintiff complains that from the date his ex-wife filed the emergency motion, April 4, 2016, until Defendant's November 2, 2016 recusal, that he was deprived of the opportunity to see his children. Prior to that date Plaintiff enjoyed joint custody with his ex-wife. Plaintiff contends that Judge Schilling's actions deprived him of his constitutional rights under the First, Fourth and

Fourteenth Amendment. Defendant seeks dismissal arguing he is entitled to judicial immunity. Plaintiff clearly contemplated this defense in his Complaint, pleading, "Plaintiff also brings this action as a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law should Defendant be afforded judicial immunity, as actions such as taken by Defendant have adverse effect on other parents in proceedings similar to the proceedings involving the Plaintiff." Complaint, ¶ 38. In response to the motion, Plaintiff concedes judges generally enjoy immunity, but asserts this case falls within the narrow exception applicable when a judge acts entirely without jurisdiction.

"[A] state judge is absolutely immune from § 1983 liability except when the judge acts 'in the clear absence of all jurisdiction.'" *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). Judicial immunity is immunity from suit and the associated burdens, not just immunity from the ultimate assessment of monetary damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id*. (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). The only acts for which a judge or court is not immune are (a) nonjudicial acts, and (b) acts taken "in the complete absence of all jurisdiction." Id. at 11-12. "To determine whether a judge acted 'in the clear absence of jurisdiction,' a court looks 'to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Madkins v. Platt*, No. 15-3101-SAC-DJW, 2017 WL 3149299, at *2 (D. Kan. July 25,

2017) (quoting *Stump*, 435 U.S. at 362). This doctrine is grounded in "a general principle of the highest importance to the proper administration of justice[: i.e.,] that a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump*, 435 U.S. at 355 (internal quotation marks omitted). Because "some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id.* at 356 (internal quotation and citation omitted).

Here, plaintiff's claims stem from an emergency custody hearing, which is within the jurisdiction of a state district court judge such as Defendant Schilling and Plaintiff does not contend that Judge Schilling lacked jurisdiction over the April 2016 hearings or the decision he rendered in conjunction therewith. Rather, Plaintiff contends that pursuant to Oklahoma's procedural rules, once he requested recusal, Judge Schilling was prohibited from entering additional orders in his case until the motion was resolved. Despite this limitation, Judge Schilling entered an order sealing certain documents in the case. The Oklahoma Supreme Court subsequently mandated striking the order because Judge Schilling could not properly act while the Rule 15 proceedings were ongoing. The undersigned concludes that Judge Schilling's actions during the Rule 15 proceedings were not taken in the complete absence of jurisdiction, as explained by the Tenth Circuit in *Stein v. Disciplinary Bd. of Supreme Court. Of N.M.*, 520 F.3d 1183 (10th Cir. 2008).

> Regarding the second exception, an act taken in excess of a court's jurisdiction is not to be confused with an act taken in the "complete absence of all jurisdiction." As *Bradley v. Fisher*, 13 Wall. 335, 80 U.S. 335, 351–52, 20 L.Ed. 646 (1871), explained,
>
>> Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.
>
> To illustrate this distinction, the Supreme Court has stated:
>
>> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.
>
> *Stump v. Sparkman*, 435 U.S. 349, 357 n. 7, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citing *Bradley*, 80 U.S. at 352, 80 U.S. 335).

*Id.* at 1195. Pursuant to Oklahoma law, Judge Schilling had jurisdiction over the underlying case and was performing the normal functions affiliated therewith. There is no allegation that as the Judge presiding over the divorce Defendant was without jurisdiction to consider the Motion for Emergency Order, regardless of the outcome at the Oklahoma Supreme Court. That Judge Schilling erred does not abrogate his judicial immunity.[1]

To the extent Plaintiff contends that Judge Schilling's failure to adhere to the requirements of Okla Stat. tit. 12, Ch. 2, App. Rule 15, deprived him of jurisdiction, the

---

[1] Plaintiff's reliance on *ANO v. Ogle,* 91 P.3d 646 (Okla. 2004), is misplaced, because the Oklahoma Supreme Court specifically held that the grandparents failed to file the requisite paperwork to invoke the district court's subject matter jurisdiction.

Court disagrees. Again, Judge Schilling was properly presiding over the divorce proceedings between Plaintiff and his ex-wife. Furthermore, the only order about which Plaintiff complains entered after he initiated Rule 15 proceedings was an August 2, 2016 order sealing the April transcripts; Judge Schilling entered his decision on temporary modification of custody on April 22, 2016, prior to Plaintiff's request that Judge Schilling disqualify himself. The undersigned concludes the allegations herein assert, at best, that Defendant Schilling acted in excess of his jurisdiction in entering the sealing order. Thus, Defendant is entitled to judicial immunity and therefore dismissal.

**IT IS SO ORDERED** this 29th day of January 2018.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE